## Case No. 12,881.

### SIMPSON v. The CERES.

[36 Leg. Int. 339; 7 Wkly. Notes Cas. 576; 10 Cent. Law J. 113; 14 Phila. 523.] [1]

District Court, E. D. Pennsylvania. Aug. 15, 1879.

ADMIRALTY—JURISDICTION—TORTS—LOCALITY.

Jurisdiction of admiralty of a collision between a steam tug and a floating dry dock lying in the river, moored to a wharf. As respects torts, the jurisdiction depends entirely on locality; the character of the object injured, or of the thing by which the injury is inflicted, is unimportant.

[Cited in Milwaukee v. The Curtis, 37 Fed. 706.]

In admiralty. Collision.

Henry R. Edmunds and J. H. Gendell, for libellant.

J. Warren Coulston, for respondent.

BUTLER, District Judge. The libellant's floating dry dock, while lying in the river Delaware, opposite Philadelphia, moored to a wharf, was run into and injured, by the steam tug, respondent. It rested, at the time, entirely upon the water; in which, alone, it was designed for use. It was capable of being navigated from place to place; and the only object of attachment to the wharf, (which was made by means of a cable,) was to avoid blowing away, or passing off with the current. That the injury was caused solely by negligence of the respondent, is not controverted, nor open to doubt. It was the respondent's duty to keep off. She did not; and is without excuse.

---

[1] [Reprinted from 36 Leg. Int. 339, by permission. 10 Cent. Law J. 113, contains only a partial report.]

The only question raised is one of jurisdiction. The respondent denies the cognizance of the court. After a long period of vacillation and uncertainty, the jurisdiction of admiralty, (as a legal proposition,) is well defined. A discussion of the subject would be a useless expenditure of time, and might seem like an affectation of learning. The opinion of Judge Story in De Levio v. Boit [Case No. 3,776], covers the entire field, and exhausts the argument. As respects torts, (with which, alone, we have to do,) the jurisdiction depends, entirely, on locality. If committed on the high seas, or other navigable waters,—the act and its effects being there fully consummated,—the jurisdiction of admiralty is unquestionable. The character of the object injured, or of the thing by which injury is inflicted, is unimportant. As said in The Plymouth, 3 Wall. [70 U. S.] 36, jurisdiction does not depend on the wrong being done by a vessel, or those aboard of it; or against a vessel, or those connected with it; "but on the locality where it occurred. Every species of tort, however occurring, * * * if upon the high seas or navigable waters, is of admiralty cognizance." 2 Pars. Shipp. & Adm. 347; 2 Pars. Mar. Law, 652; Railroad Co. v. Towboat Co., 23 How. [64 U. S.] 209; The Commerce, 1 Black [66 U. S.] 574; The Agincourt, 1 Hagg. Adm. 271; The Lowther Castle, Id. 384; Brown v. Overton [Case No. 2,024]; Chamberlain v. Chandler [Id. 2,575]; West v. The Uncle Sam [Id. 17,427]; Sherwood v. Hall [Id. 12,777]; The Plymouth, 3 Wall. [70 U. S.] 34; Taber v. Jenny [Case No. 13,720]; The Sylph, L. R. 2 Adm. & Ecc. 24; Atlee v. Packet Co., 21 Wall. [88 U. S.] 289; Fretz v. Bull, 12 How. [53 U. S.] 249; The Maud Webster v. Howard [Case No. 9,302].

The Virginia Ehrman v. The Agnese, 97 U. S. 309, shows a recovery for injury to a steam dredge. Objection to the jurisdiction was not even suggested. A recovery was allowed in this court for a similar injury, against objection, in Albany Dredging Co. v. The Gladiolus [Case No. 132], No. 2, April Sess. 1878, and sustained on appeal by the circuit court. Although no case precisely similar to the one before me has been found, I feel no hesitation in determining the question raised against the respondent. Under the general principle stated, the court has jurisdiction. As before remarked, the dock was in the river, floating upon the water, when injured. That it was moored to the land is unimportant. So are all vessels, at anchor. That the attachment was at the water's side, instead of under, is immaterial.

As we have seen, the character of the structure injured does not enter into the question. If it did, the character of the structure here involved would not admit of objection, on this ground. It is essentially marine.

Decree for libellants.